JAMES JOSEPH FOX, JR. *vs.* PERSONNEL APPEAL BOARD OF THE CITY OF CRANSTON.

APRIL 16, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

POWERS, J. This is a petition for a writ of prohibition brought by a permanent member of the police department of the city of Cranston. It prays that Harold C. Thomas, Arthur Murray and Joseph A. Kelly, in their capacities as members of the personnel appeal board be enjoined from hearing and acting upon charges of neglect of duty and conduct unbecoming a police officer preferred by the mayor against the petitioner; or in the alternative that the respondents appear in this court and show cause why a peremptory writ of prohibition should not issue. Citation issued, enjoining the respondents from holding hearings on said charges until further order of this court, and assigning October 7, 1963 as the day when the respondents might appear and show cause, if any, why the writ should not issue as prayed.

The respondents filed an answer and on October 7, 1963 the cause was assigned for hearing on oral arguments and

briefs. It appears therefrom and from the pleadings that at the general election held November 6, 1962, a majority of the participating electors of Cranston voted to adopt a home rule charter, so called, purportedly on the authority of and in accordance with article XXVIII of amendments to the constitution of this state.

By the terms of the charter, the mayor is designated as the official authorized to appoint and remove members of the police department, the permanent members of which are within the classified service of the city. The charter further provides, however, that no person within the classified service may be removed except on charges preferred in writing by the appointing authority, which charges, it is further provided, shall be heard by the personnel appeal board, also created by the charter.

On July 19, 1963, the mayor, acting on the authority of the charter provisions referred to, gave written notice to petitioner of his removal as a permanent member of the Cranston police department. The notice specifically alleged some fourteen instances of insubordination, neglect of duty, intoxication, or conduct unbecoming an officer, and stated with particularity the date and place of each such alleged ground for removal.

The instant petition was filed on July 29, 1963, substantially on the proposition that respondents are without jurisdiction to entertain and hear the charges thus preferred. This results, petitioner contends, from the fact that sec. 14.07 of the charter, to which provision the mayor's notice specifically refers, was never adopted or ratified by the electors of Cranston. The reasons on which this contention is advanced are found in petitioner's allegations to the effect that constitutional and statutory prerequisites to the adoption of the charter were lacking.

Although in his petition, brief, and oral argument petitioner submits that he disputes the legal status of only sec.

14.07, it would be manifestly not possible, in light of the thrust of his contentions, to confine any inquiry we might make to the single provision of the charter with which he takes issue. He does not contend that sec. 14.07 is an ineffectual provision of an otherwise valid charter. Rather, he seeks to nullify the section in question by demonstrating that the charter within which it is contained failed of adoption by reason of noncompliance with constitutional and statutory procedures.

The authorities are substantially agreed that the writ is not one of right and that a petition therefor is addressed to the discretion of the court. They are further agreed that it is issued rarely and almost never whenever any other remedy is available. See *Bankers Indemnity Ins. Co.* v. *Superior Court*, 65 R. I. 243; *Haworth* v. *Sherman*, 37 R. I. 249; 73 C.J.S. Prohibition §5, p. 18; 42 Am. Jur., Prohibition, §7, p. 143. Consequently, we are not persuaded that the petitioner's interest warrants review by way of the writ of prohibition. The injunctive relief accorded in equity is available to him and, in our judgment, more commensurate with the circumstances of the case than is the extraordinary writ of prohibition.

The petition is denied and dismissed, and the restraining order heretofore issued is quashed.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor of the City of Cranston, for respondent.